THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* PILLOT, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a prosecution for bribery.

No. 643.—Decided April 30, 1914.

CONSOLIDATION OF ACTIONS—DISCRETION OF COURT.—The granting of a motion for the consolidation of actions lies in the discretion of the court and its decision will not be reversed unless it is shown that its discretional power was abused.

POSTPONEMENT OF TRIAL—SETTING CASES FOR TRIAL—SPECIAL JURORS—SPECIAL CRIMINAL TERM.—The fact that three criminal actions for bribery against three different defendants were set for trial on three consecutive days without stating the order in which they should be tried, that special jurors were summoned and that the court called a special criminal term in the midst of a civil term is not sufficient reason to justify the postponement of a trial in the absence of other and more powerful reasons.

JURY—CHALLENGE TO THE ARRAY—DRAWING JURORS FOR ANOTHER TRIAL.—The fact that the court drew twenty names of jurors from the box to serve in

another trial and that the box did not contain 200 names of jurors when the tickets were drawn, is not sufficient ground for a general challenge to the array.

ID.—CHALLENGE FOR CAUSE—PEREMPTORY CHALLENGE.—The refusal of a court to sustain a challenge for cause is not error when the accused has not exhausted the peremptory challenges allowed him by law.

ID.—PUBLIC TRIAL—EXCLUSION OF JUROR FROM COURT-ROOM.—When the court asks, but does not order, that jurors who are to serve in another case withdraw from the court-room, such request is not error nor does it divest the trial of its public character.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Messrs. F. Cervoni Gely* and *Manuel A. Martínez* for the appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a prosecution for bribery and the defendant was sentenced to ten years in the penitentiary. A co-defendant, Vázquez, was acquitted. Numerous errors are assigned and only one of them relates to errors committed after the jury was sworn. The various other alleged infractions of law relate to matters preliminary to the trial.

When the case was called for trial the defendant presented a motion asking that his case be consolidated with two others, one against Vázquez and one against Ventura García and others, for the same crime, alleging that the witnesses would be the same, and other similar reasons. But some of the witnesses were different and even if they were the same the facts to be proved might be different. The whole matter was within the discretion of the court and there is no suggestion of an abuse thereof. In California, furthermore, it seems to be optional with the Government whether to file a joint information or not. *People* v. *Playler,* 121 Cal., 160.

The second, third and fourth errors relate to the failure of the court to postpone the trial. It seems that the three trials for bribery were set for the 14th to 16th of September, without saying which case should be called first, and the court could try the cases in the most convenient order. No prejudice was shown. Another ground for the postponement

was that the court, in addition to the regular panel of 24 jurymen, called for the 14th of September, ordered six more to be drawn when 20 others had already been drawn for the trial set for September 15th. The court did in fact order that six more should be drawn for a possible need. We fail to see error or ground of postponement. See in this connection the case of *The People* v. *Vázquez,* decided to-day. A third ground for the new trial was that the court called a special criminal term when it was in the midst of a civil term. The ground seems frivolous as the court was not in vacation but in the midst of a trial term.

The fifth error relates to the failure to sustain a challenge to the array. One of the grounds was the calling of extra jurymen already discussed. Even if irregular no prejudice was shown. Another ground of challenge was because the box from which the 24 jurors were drawn only contained 180 names when it ought to have contained 200. The record is extremely vague on this point. It does not appear clearly that the 200 names were not in the box at the time of the drawing of the 24. There are, it is true, indications in the record that the court had ordered the drawing of 20 names for the following day, but there is no positive showing that the 24 names were not regularly drawn. And in this connection also, see the reasoning of this court in the case of *The People* v. *Vázquez,* decided today. Other grounds of challenge are variations on this curious theme, as is also the sixth ground of error.

The seventh error relates to the court's failure to sustain a challenge for cause. As the defense did not exhaust its peremptory challenges it is settled law that such challenges are waived.

The eighth ground of error was that the court overruled the objection made by the defendant to the question of the *fiscal* as to whether the politics of a talesman would influence his verdict when the court had not permitted the defendant to make a similar inquiry. The question really was

whether the talesman was opposed to the Unionists and the form was objectionable. Furthermore, the talesman said that his politics would not influence his verdict. We do not know whether this talesman became a juryman, but the defense did not exhaust its challenges. We see neither error nor prejudice.

The court asked, but did not order, that the jurymen who did not form part of the petit jury should retire from the court-room. The jurymen were not bound to obey. Furthermore, in order to constitute error it would have to be shown that the public was not admitted, in other words, that there was not a public trial.

The tenth error was that the defendant was convicted of bribery solely on the testimony of accomplices and without corroboration. There was much corroborating testimony from other witnesses, partly circumstantial and partly by the direct admissions of the defendant that he had received money to divide among other jurymen to acquit Amy, accused of homicide, and had tried to bribe such jurymen.

The judgment must be affirmed.

*Affirmed.*

Justices del Toro and Aldrey concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.